UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  20-61633-CV-RUIZ
MAGISTRATE JUDGE REID

WILLIAM JAMAL DEMPS,

     Petitioner,

v.

MARK S. INCH,

     Respondent.

_____/

**REPORT RE DISMISSAL FOR FAILURE TO OBTAIN
AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)**

### I. Introduction

P*ro se* Petitioner, **William Demps**, has filed this Petition for Writ of *Habeas
Corpus*, pursuant to 28 U.S.C. § 2254. [ECF No. 1]. He attacks the constitutionality
of his convictions and sentences entered in Broward County Circuit Court Case No.
09-574-CF10A. The Petition was initially filed in the Northern District of Florida
but was transferred to this District. [ECF No. 3].

This cause has been referred to the Undersigned for consideration and report
pursuant to 28 U.S.C. § 636(b)(1)(B), (C) and Rules 8 and 10 Governing Section
2254 Cases in the United States District Courts. [ECF No. 2]. No order to show cause

has been issued because the Petition, as filed, is subject to dismissal as an unauthorized successive petition.

The Undersigned has reviewed the instant federal habeas petition [ECF No. 1], together with the Petitioner's prior *habeas* petitions filed with this Court, in Case Nos. **16-62528-CV-BLOOM** and **16-61437-CV-DIMITROULEAS** and takes judicial notice of the records and filings. *See* Fed. R. Evid. 201.

## II. Procedural History

In Petitioner's most recent prior case, the Court recognized that he was precluded from filing a successive § 2254 petition without authorization of the Eleventh Circuit because his first petition had been denied on the merits. *See* Final Judgment, *Demps v. Inch*, Case no. 16-61437-CV-DIMITROULEAS, (S.D. Fla. July 17, 2020), [ECF No. 8]. Petitioner has now come to this Court again, filing the instant § 2254 Petition, challenging the same state court criminal case he challenged in his prior petitions. For the reasons explained in this report, the Petition should be **DISMISSED** for lack of jurisdiction as an unauthorized successive petition.

## III. Discussion

As narrated above, Petitioner filed two prior § 2254 petitions challenging the same state court conviction and sentence challenged here. He is attempting to reassert new claims in the current § 2254 Petition.

In accordance with 28 U.S.C. § 2244(b)(3)(A), "[B]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider a successive petition. *See* 28 U.S.C. §2244(b)(2)-(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also El-Amin v. United States*, 172 F. App'x 942, 946 (11th Cir. 2006). Despite being previously advised of the need to obtain authorization prior to filing a successive petition, there is no evidence that Petitioner had sought leave from the Eleventh Circuit.

Because the instant federal Petition challenges the legality of the same state court judgments that were the subject of Petitioner's prior § 2254 actions, this later filing is successive and subject to dismissal as successive. The Petitioner is once

again advised that he must obtain authorization from the Eleventh Circuit Court of Appeals before filing a successive petition.

## IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 129 S. Ct. 1481 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

### V. Recommendation

It is therefore recommended that this Petition for *habeas corpus* [ECF No. 1] be **DISMISSED FOR LACK OF JURISDICTION** for failure of the Petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. § 2244(b)(3). No certificate of appealability issue and this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of October, 2020.

_____

UNITED STATES MAGISTRATE JUDGE

cc:    William Jamal Demps
       091027
       Suwannee Correctional Institution
       Inmate Mail/Parcels
       5964 US Highway 90
       Live Oak, FL 32060
       PRO SE

       Noticing 2254 SAG Broward and North
       Email: CrimAppWPB@MyFloridaLegal.com