UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61633-RAR

**WILLIAM JAMAL DEMPS**,

    Petitioner,

v.

**MARK S. INCH**,

    Respondent.
_____/

### ORDER AFFIRMING AND ADOPTING
### REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lisette Reid's Report and Recommendation [ECF No. 7] ("Report"), entered on October 1, 2020.  The Report recommends that the Court dismiss Petitioner William Jamal Demps's Petition Under 28 U.S.C. Section 2254 For Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] ("Petition"). *See* Report at 5.  Specifically, Magistrate Judge Reid notes that this is Petitioner's third habeas petition filed under § 2254 challenging the same state court conviction, and that Petitioner did not obtain authorization from the Eleventh Circuit to file this successive habeas petition as required under 28 U.S.C. § 2244(b)(3).[1]  *Id.* at 2, 5.

The Report properly notified Petitioner of his right to object to Magistrate Judge Reid's findings, as well as the consequences for failing to object.  *Id.* at 5.  The time for objections has passed, and Petitioner did not file any objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  However, when no party has timely

---

[1] Petitioner's prior habeas petitions were filed in Case Nos. 16-CIV-62528-BB and 20-CIV-61437-WPD.

objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because Petitioner has not filed an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Reid's findings. Rather, the Court reviewed the Report for clear error. Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 7] is **AFFIRMED AND ADOPTED**.
2. The Petition [ECF No. 1] is **DISMISSED** for lack of jurisdiction.
3. No certificate of appealability shall issue.
4. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 22nd day of October, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: *Pro Se Petitioner*
Counsel of record
Magistrate Judge Lisette Reid